UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEOLA G. WASHINGTON,

    Plaintiff,

v.                                      CASE No. 8:08-CV-1614-T-27TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. §2412 (Doc. 32) filed by counsel for the plaintiff on December 14, 2009.[1] Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), I recommend that the

---

[1] Although the motion for attorney's fees has been referred to me, and, ordinarily, I would dispose of such a motion in order to expedite the matter and conserve judicial resources, circumstances seem to warrant the preparation of a report and recommendation. In the past, plaintiff's counsel has objected to my entry of an Order (which minimally reduced counsel's claim) on the ground that I was not authorized to dispose of an attorney's fee motion. Particularly in light of the plaintiff's mistake in computing this claim (see fn. 2), I can foresee an objection to an award of the amount he requested.

plaintiff be awarded $3,747.31 in fees to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security income payments. This matter was reversed and remanded to the Social Security Administration by order of this court dated September 14, 2009 (Doc. 27). Judgment was therefore entered in favor of the plaintiff (Doc. 28). The plaintiff subsequently filed this application for attorney's fees under the EAJA (Doc. 32).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $3,747.31 (Doc. 32). This amount reportedly comprises 3.4 hours of service before the court in 2008 at an hourly rate of $168.78, and 20.6 hours of service before the court in 2009 at an hourly rate of $173.55 by attorney

Enrique Escarraz (id., p. 1).[2] The plaintiff has certified that the defendant has no objection to this amount (id., p. 2).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claimed hours for services performed in this case does not appear unreasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $168.78 per hour for work performed in 2008, and to $173.55 for work performed in 2009 (Doc. 33, p. 3). In light of the

---

[2]The applicant miscomputed the amount of attorney's fees for the year 2008. He has requested an award of $172.18 for his 2008 services even though 3.4 hours of service at an hourly rate of $168.78 totals $573.85. Since the total requested fee of $3,747.31 stated in the motion and affidavit (Doc. 32, p. 8; Doc. 33, p. 4), and agreed to by opposing counsel (Doc. 32, p. 2), is based on an award of $172.18 for services performed in 2008, I recommend that the applicant be awarded accordingly.

defendant's lack of objection, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted.

Finally, it is requested that the attorney's fee be paid directly to plaintiff's counsel (Doc. 32, pp. 1, 2). In <u>Reeves</u> v. <u>Barnhart</u>, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a Social Security disability case is payable directly to the plaintiff, not counsel. However. in this case, the plaintiff has agreed to assign the EAJA award to her counsel (Doc. 34; <u>see also</u> Doc. 33-2). Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance (<u>see</u> Doc. 32, p. 2). Therefore, by virtue of the fee assignment and the defendant's lack of opposition, the award of attorney's fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, I recommend that the plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. §2412 (Doc. 32) be granted, and that the plaintiff be awarded the amount of **$3,747.31** in attorney's fees to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

Respectfully submitted,

*[signature]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 30, 2009

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).